[Cite as *State v. Cole*, 2026-Ohio-2827.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

     Plaintiff- Appellee,        :

                                   No. 115953

v.                                      :

CASHMERE COLE,                          :

     Defendant-Appellant.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 23, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-696095-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Andrew Boyko, Assistant Prosecuting Attorney, *for appellee.*

Maxwell Martin, *for appellant.*

MICHELLE J. SHEEHAN, A.J.:

{¶ 1} Defendant-appellant Cashmere Cole ("Cole") was convicted of involuntary manslaughter under R.C. 2903.04 along with a one-year firearm specification pursuant to R.C. 2941.141. The trial court sentenced Cole to ten years

in prison on the involuntary manslaughter count with a five-year Reagan Tokes tail plus one year in prison on the one-year firearm specification.  On appeal, Cole challenges his sentence raising one assignment of error:

> Appellant's sentence is contrary to law because the record does not support the imposition of a near maximum sentence.

Essentially, Cole argues that his sentence is contrary to law because (1) the trial court failed to appropriately consider the sentencing requirements set forth in R.C. 2929.11 and 2929.12, and (2) the trial court failed to provide separate and distinct findings of fact regarding its analysis of the requirements set forth in R.C. 2929.11 and 2929.12.

{¶ 2} Our appellate review of whether a sentence is contrary to law, however, is limited to determining if the trial court considered the sentencing requirements outlined in R.C. 2929.11 and 2929.12 and to whether the sentence falls within the permissible statutory range for the applicable offense.  Based on our review of the record and controlling legal authority, we find that the trial court appropriately considered the sentencing requirements outlined in R.C. 2929.11 and 2929.12 and that Cole's sentence falls within the permissible statutory range for involuntary manslaughter.  Therefore, Cole's sentence is not contrary to law and his sole assignment of error is overruled.  Cole's sentence below is affirmed.

**Relevant Facts and Procedural History**

{¶ 3} In May 2024, decedent Christine Bozeman, Cole, and several others were involved in a series of escalating verbal and physical confrontations that

ultimately resulted in Bozeman's death. As a result, Cole, Marshae Davis, and Leonai Johnson were charged with numerous offenses including murder. Both Davis and Johnson pled guilty to involuntary manslaughter. The case against Cole proceeded to trial in November 2025.

{¶ 4} During trial, Cole accepted a plea offer from the State and he pled guilty to one count of involuntary manslaughter under R.C. 2903.04 with a one-year firearm specification pursuant to R.C. 2941.141. The trial court subsequently sentenced Cole to ten years in prison on the involuntary manslaughter count with a five-year Reagan Tokes tail plus one year in prison on the one-year firearm specification. The journal entry memorializing Cole's sentence expressly states that the trial court "considered all required factors of the law" and "finds that prison is consistent with the purpose of R.C. 2929.11." This appeal follows.

**Applicable Sentencing Law**

{¶ 5} R.C. 2953.08 sets forth the scope of appellate review for felony sentences including involuntary manslaughter. *State v. Burgos*, 2025-Ohio-1261, ¶ 11 (8th Dist.); R.C. 29003.04(C) (stating involuntary manslaughter is a felony of the first degree). Specifically, pursuant to R.C. 2953.08(G)(2), we "'may reverse or modify a sentence only if the appellate court clearly and convincingly finds that the record does not support the findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is contrary to law.'" *Id.*, quoting *State v. Stennett*, 2022-Ohio-4645, ¶ 12 (8th Dist.). Notably, the Ohio Supreme Court has expressly determined that R.C. 2953.08(G) "does not provide a basis for an appellate

court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 39; *accord Burgos* at ¶ 11; *Stennett* at ¶ 12. Indeed, there is "[n]othing in R.C. 2953.08(G)(2) [that] permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42; *accord Burgos* at ¶ 11; *State v. Shelton*, 2025-Ohio-5527, ¶ 14 (8th Dist.).

{¶ 6} "A sentence is contrary to law if it falls outside the statutory range for the particular degree of offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *State v. Black*, 2020-Ohio-3117, ¶ 13 (8th Dist.), citing *State v. Pawlak*, 2016-Ohio-5926, ¶ 58 (8th Dist.). "[C]ourts have 'refused to find that a sentence is contrary to law when the sentence is in the permissible range, and the court's journal entry states that it "considered all required factors of the law" and "finds that 'prison is consistent with the purposes of R.C. 2929.11'"'" *Id.* at ¶ 14, quoting *State v. Williams*, 2014-Ohio-1618, ¶ 17 (8th Dist.), quoting *State v. May*, 2013-Ohio-2697, ¶ 16 (8th Dist.). Thus, "if the sentence is within the statutory range for the offense and the trial court considered both the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, the court's imposition of any prison term for a felony conviction is not contrary to law." *Shelton* at ¶ 14.

**{¶ 7}** Additionally, "while trial courts must consider both R.C. 2929.11 and 2929.12 before imposing a prison sentence, 'they are not required to make specific findings under either of the statutes.'" *Id.* at ¶ 17, quoting *State v. Martin*, 2025-Ohio-744, at ¶ 10 (8th Dist.), citing *Jones* at ¶ 20, citing *State v. Wilson*, 2011-Ohio-2669, ¶ 31. "'Further, a statement in the trial court's sentencing entry that it considered all the required factors of law is sufficient to fulfill the trial court's obligation under the sentencing statutes.'" *Shelton* at ¶ 17, quoting *Martin* at ¶ 10, citing *State v. Riemer*, 2021-Ohio-4122, ¶ 18 (8th Dist.).

**Analysis**

**{¶ 8}** R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I) are not implicated by the facts of this case. Thus, under the authority set forth above, we are limited to determining whether Cole's sentence is contrary to law. Cole argues that his sentence is contrary to law, however, because the record does not support the trial court's findings under R.C. 2929.11 or 2929.12. As explained above, we are not permitted to independently review the trial court's analysis or findings regarding the requirements set forth in these statutes. Rather, our appellate review is limited to determining whether the trial court did, in fact, consider these statutes. Based on our review of the trial court's sentencing journal entry, we find that the trial court did consider the requirements mandated in R.C. 2929.11 and 2929.12. The trial court's statements that it "considered all required factors of the law" and that "prison is consistent with the purpose of R.C. 2929.11" are sufficient to fulfill the trial court's obligation under these sentencing statutes.

{¶ 9} Further, Cole's reliance on the language in *State v. Marcum*, 2016-Ohio-1002, ¶ 23, indicating that it would be "fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 or 2929.12" is mistaken. This same argument was expressly rejected by the Ohio Supreme Court as dicta in *Jones*. *Jones*, 2020-Ohio-6729, at ¶ 27-29. Simply put, we are not permitted to independently review a trial court's evaluation of the factors set forth in R.C. 2929.11 or 2929.12 to the facts of a particular case.

{¶ 10} Additionally, Cole argues that the trial court was required to make separate and distinct findings regarding its consideration of the requirements of R.C. 2929.11 and 2929.12 in its journal entry. Cole's reliance on *State v. Moore*, 2014-Ohio-5135 (8th Dist.), and *State v. Bonnell*, 2014-Ohio-3177, as support for this proposition is misplaced. Both cases address consecutive-sentence findings under R.C. 2929.14(C)(4). R.C. 2953.08(G)(2) expressly authorizes appellate courts to review the trial court's factual analysis of the factors identified in R.C. 2929.14(C)(4). *Moore* at ¶ 21-26; *Bonnell* at ¶ 26. Thus, in cases where the appellant is challenging the court's findings with respect to consecutive sentences, it is appropriate to require the trial court to expressly identify the rationale for its decision. That is not the case here.

{¶ 11} Based on our review of the record and specifically the trial court's sentencing journal entry, we find that the trial court did consider the factors mandated in R.C. 2929.11 and 2929.12. Further, the trial court's sentence of

ten years in prison falls within the permissible statutory range for the base count of involuntary manslaughter as set forth in R.C. 2929.14(A)(1)(a) (stating the permissible range for involuntary manslaughter as three to 11 years) and one year in prison on the one-year firearm specification under R.C. 2941.141. Consequently, Cole's sentence is not contrary to law. Cole's sole assignment of error is overruled.

{¶ 12} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, ADMINISTRATIVE JUDGE

LISA B. FORBES, J., and
MICHAEL JOHN RYAN, J., CONCUR